UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| RONALD LEES, on behalf of Himself and other similarly situated, <br> Plaintiff, <br><br> v. <br><br> ANTHEM INSURANCE COMPANIES INC., d/b/a ANTHEM BLUE CROSS BLUE SHIELD, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) <br><br> JURY TRIAL DEMAND |

## COMPLAINT-CLASS ACTION

### INTRODUCTION

1. This is a Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. case against Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross Blue Shield, which seeks to secure redress for improper telemarketing to Plaintiff's cell phone, including multiple calls after Plaintiff requested that they stop and indicated that he was not interested in what Anthem was selling.

2. Plaintiff seeks damages for himself and a class, and an order enjoining future illegal telemarketing activity.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because a substantial portion of the events that led to this cause occurred within this district.

### PARTIES

5. Plaintiff is a natural person and a resident of this District.

1

6.	Defendant ANTHEM INSURANCE COMPANIES INC., d/b/a ANTHEM BLUE CROSS BLUE SHIELD ("ANTHEM") is a corporation organized and existing pursuant to the laws of the State of Indiana which is primarily engaged in the business of providing health and other insurance coverage and related services worldwide.  It does business in Missouri.

## FACTS

7.	ANTHEM has called Plaintiff's cellular telephone numerous times within the four years immediately preceding the filing of this complaint.

8.	For example, ANTHEM called Plaintiff's cell phone on July 1, 2013 at 3:10 p.m., and then an hour later, at 4:10 p.m.

9.	The caller ID for these calls was 877-268-9170.

10.	For some or all of the calls, ANTHEM used an auto-dialing mechanism wherein there was no caller on the line when Plaintiff answered. After a pause on each of these calls, the call was connected to a person by Anthem.

11.	These phone calls were, according to the callers, for marketing purposes.

12.	When one calls 877-268-9170, a prerecorded message says that the caller has reached the "direct sales team" at Anthem Blue Cross Blue Shield.

13.	Plaintiff did not consent to these calls.

14.	Plaintiff asked that the calls stop and told the representatives on the line that there was no interest, but ANTHEM continued to dial his cell phone using its autodialer.

15.	Plaintiff and the class have been substantially damaged by Defendant's calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced*

*Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

16. Plaintiff's cell phone plan is "pay by the minute."

17. Defendant's violations were willful, or alternatively they were knowing; particularly calls that occurred after Plaintiff asked that they stop and indicated that he was not interested.

## COUNT I – TCPA

18. Plaintiff incorporates all previous paragraphs.

19. ANTHEM violated the TCPA by placing automated calls to Plaintiff and the class members' cell phones using its predictive dialer and/or prerecorded or artificial voice without the consent of the called party.

20. ANTHEM has a policy, practice or procedure of placing calls to cell phones regarding the collection of an alleged debt without the prior consent of the called parties.

21. ANTHEM's violations were negligent, or alternatively, they were willful or knowing. 47 U.S.C. §312(f)(1).

## CLASS ALLEGATIONS

22. Plaintiff brings this claim on behalf of a class and a subclass, consisting of:

All persons who, on or after July 15, 2009, defendant called a cell phone number using predictive dialing equipment and/or a prerecorded or artificial voice where defendant did not obtain the phone number called from the called party, with respect to the subject matter of the alleged debt being collected. Plaintiff alleges a subclass of persons who received calls after a demand that calls stop.

23. The class is so numerous that joinder of all members is impractical. Upon information and belief Plaintiff alleges that there are more than 40 members of the class.

24. There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

    a. Whether ANTHEM used an automatic telephone dialing system as is used in the TCPA and applicable FCC regulations and orders to place the calls at issue;

    b. Damages, including whether the violations were negligent, willful or knowing.

25. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

26. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

27. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

28. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

29. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by

4

individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against ANTHEM for:

- A. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;
- B. An injunction against further violations;
- C. A declaration that the equipment used by ANTHEM is regulated by the TCPA;
- D. Costs of suit;
- E. Reasonable attorney's fees as part of a common fund, if any;
- F. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Larry P. Smith
/s/ Alexander H. Burke

Larry P. Smith
David M. Marco
**SMITHMARCO**, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
(312) 324-3532
(888) 418-1277 (fax)
lsmith@smithmarco.com
dmarco@smithmarco.com
www.SmithMarco.com

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com
Co-Counsel for Plaintiff

### DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or prerecorded calls, emails, recordings, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them.  These materials are very likely relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ Larry P. Smith
/s/  Alexander H. Burke