## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## ST. LOUIS DIVISION

RONALD LEES, on behalf of Himself        )
and other similarly situated,            )
                                         )        Case No. 4:13-cv-01411-SNLJ
          Plaintiff,                     )
     v.                                  )        Hon. Stephen N. Limbaugh, Jr.
                                         )
ANTHEM INSURANCE COMPANIES INC.,         )
d/b/a ANTHEM BLUE CROSS BLUE SHIELD,     )
                                         )
          Defendant.                     )
                                         )

## PRELIMINARY APPROVAL ORDER

WHEREAS, a putative class action is pending in this Court entitled *Lees v. Anthem Insurance Companies, Inc.*, Case No. 4:13-cv-01411 (the "Action");

WHEREAS, Plaintiff Ronald Lees has filed an unopposed Motion for Preliminary Approval of a Class-Wide Settlement (the "Motion"), which included a Settlement Agreement and Release (the "Settlement Agreement") which, together with the exhibits thereto, sets forth the terms and conditions for the settlement and release of certain claims, on a class-wide basis, against Anthem Insurance Companies, Inc., as more fully set forth below;

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement, and all of the files, records and proceedings to date in this matter, and it appearing to the Court that upon preliminary examination the Settlement Agreement appears fair, reasonable and adequate, and the proposed plan of notice to the class is the best notice practicable under the circumstances and consistent with Due Process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement is fair, reasonable and adequate, and to determine whether a judgment

approving settlement and order of dismissal should be entered in this action based upon the

Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. For purposes of settlement only, the Court has jurisdiction over the subject matter

of this action and personal jurisdiction over the parties and the members of the Settlement Class

described below.

Settlement Class Certification

2. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court conditionally

certifies, for settlement purposes only, the following Settlement Class:

All persons or entities who, on or after July 15, 2009, through and including
July 16, 2014, received from Alta Resources, Inc. on behalf of Anthem Insurance
Companies, Inc., and its parents, subsidiaries or corporate affiliates a telephone
call on a cellular number.

The Court is advised that the class is comprised of persons assigned to approximately

____unique cellular phone numbers, a list of such called cellular numbers will be provided to the

Claims Administrator.

3. For purposes of settlement only, the Court finds that the prerequisites for a class

action under Fed. R. Civ. P. 23(a) and 23(b)(3) have been preliminarily satisfied in that (a) the

Settlement Class appears to be so numerous that joinder of all members is impracticable;

(b) there appear to be questions of law or fact common to the Settlement Class for purposes of

determining whether this Settlement should be approved; (c) Plaintiff's claims appear to be

typical of the claims being resolved through the proposed settlement; (d) Plaintiff appears to be

capable of fairly and adequately protecting the interests of the Settlement Class Members in

connection with the proposed settlement; (e) for purposes of determining whether the Settlement

is fair, reasonable and adequate, common questions of law and fact appear to predominate over

- 2 -

questions affecting only individual Settlement Class Members; and (f) for purposes of

settlement, certification of the Settlement Class appears to be superior to other available methods

for the fair and efficient resolution of the claims of the Settlement Class Members. The Court

further finds, for purposes of settlement only, that (A) the members of the Settlement Class have

a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with

Class Counsel's representation that they are unaware of any other litigation commenced

regarding the claims at issue by members of the Settlement Class; (C) it is desirable to

concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties

encountered in administering this Settlement.

4.     Pursuant to Fed. R. Civ. P. 23 and for settlement purposes only, Plaintiff Ronald

Lees is designated as class representative for the Settlement Class and Burke Law Offices LLP

and SmithMarco, P.C. are designated as Class Counsel.

5.     The foregoing determination regarding class certification is for purposes of

settlement only. The Court recognizes that, pursuant to the Settlement Agreement, Defendant

retains any right to dispute that a class may be certified in this case, or that a class is reasonably

ascertainable, should the Settlement not be finally approved. Therefore, as more fully set forth

below, if the Settlement is not finally approved, and litigation resumes, this preliminary finding

regarding class certification shall be of no further force or effect whatsoever, and this Order will

be vacated in its entirety.

Notice and Administration

6.     The Court hereby approves the Parties' retention of KCC LLC to perform the

duties of the Claims Administrator set forth in the Settlement Agreement, including providing

Notice of Settlement Class Members, to perform such other functions and duties of the

- 3 -

administrator as are set forth in the Settlement Agreement, and to provide such administration services as are reasonably necessary to facilitate the completion of the Settlement.

7.     The Court has carefully considered the plan for notice set forth in the Settlement Agreement, including receiving briefs on this issue of the propriety of the notice. The Court finds that the form and method set forth or identified in the Settlement Agreement of notifying the Settlement Class, and the members thereof, of the Settlement and its terms and conditions constitutes the best practicable notice under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law, such that the Settlement Agreement and final judgment will be binding on all Settlement Class Members.

8.     The Court hereby approves the form, content and requirements of the short form Mail Notice annexed to the Settlement Agreement as Exhibit C, the long form Website Notice annexed to the Settlement Agreement as Exhibit F, and the internet Publication Notice annexed to the Settlement Agreement as Exhibit D. The Court approves the regime for notice set forth in the Settlement Agreement. The Claims Administrator shall cause the Class Notice to be sent or published within thirty (30) days following entry of this Order. Class Counsel shall, prior to the Final Approval Hearing, file with the Court proof of notice.

9.     Settlement Class members who want to receive benefits under the Settlement Agreement must complete and submit a claim form in accordance with the instructions provided therein. The Court hereby approves as to form and content the Claim Form annexed to the Settlement Agreement as Exhibit A. All claims form must be postmarked or received by the Claims Administrator no later than ninety (90) calendar days from the date of this Order.

- 4 -

10. All costs of providing Settlement Notice to the Settlement Class, processing proof-of-claim forms and administering distributions from the Settlement Fund according to a Court-approved procedure in the Final Approval Order, shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

Exclusion / "Opt Outs"

11. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be bound even if they have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendant relating to the claims released pursuant to or covered by the terms of the Settlement.

12. A Settlement Class Member wishing to make a request for exclusion from the Settlement Class shall mail the request in written form, by first class mail, postage prepaid, and postmarked no later forty-five (45) days after mailing and publication of the Class Notice to the Claims Administrator at the address specified in the Notice. Exclusion requests must: (i) be signed by the class member requesting exclusion; (ii) include the full name, address and cellular phone number(s) of the person or entity requesting exclusion; and (iii) include the following statement: "I request to be excluded from the class settlement in *Lees v. Anthem Insurance Companies, Inc.*, Case No. 4:13-cv-01411." No request for exclusion will be valid unless all of the information described above is expressly included. For any person in the Settlement Class who has more than one cellular phone number, the exclusion request must specify each unique cellular phone number. No Settlement Class Member, or any person acting on behalf of or in

- 5 -

concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

13. The Claims Administrator will promptly provide all Parties and their counsel with copies of any requests for exclusion. The Plaintiff shall file a list of all of who have opted out with the Court no later than fourteen (14) calendar days prior to the Final Approval Hearing.

Objections

14. Any member of the Settlement Class who has not timely submitted a valid request for exclusion from the Settlement Class and who objects to the approval of the proposed settlement must file with the Court and serve on all Parties a written statement with his/her/its full name, address, cellular phone number(s) that were called, all grounds for the objection with factual and legal support for the stated objection, the identity of any witnesses the objector may call to testify and identify and attach any exhibits the objector intends to introduce into evidence at the Final Approval Hearing. A Settlement Class Member may appear at the Final Approval Hearing in person or through counsel to show cause as to why the proposed settlement should not be approved as fair, reasonable and adequate. Attendance at the hearing is not necessary; however, persons or entities wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and/or the request for compensation award to the Class Representative are required to indicate in their written objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel.

15. The Court will consider all comments and/or objections to the Settlement, the award of attorneys' fees and reimbursement of expenses, and the service award to the Class Representative only if, on or before 45 calendar days after the mailing and publication of Class Notice, such comments or objections and any supporting papers are filed in writing with the

- 6 -

Clerk of the Court. No Settlement Class Member shall be entitled to be heard and no objection shall be considered unless the requirements sets forth herein are satisfied.

      16.    Any Settlement Class Member who does not make his/her/its objection to the Settlement in compliance with the requirements set forth herein shall be deemed to have waived any such objection by appeal, collateral attack or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

Final Approval Hearing

      17.    The Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) is hereby scheduled to be held before the Court on _April 1_____, 20*15* at *1:30* am/pm for the following purposes:

      (a)    to finally determine whether the applicable prerequisites for settlement class action treatment under Fed. R. Civ. P. 23(a) and (b) are met;

      (b)    to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

      (c)    to determine with the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released under the Settlement Agreement;

      (d)    to consider the application for an award of attorneys' fees and costs of Class Counsel;

      (e)    to consider the application for a compensation award to the Class Representative;

      (f)    to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(g)    to rule upon such other matters as the Court may deem appropriate.

18.    Papers in support of final approval of the Settlement Agreement, the incentive award to Plaintiff and Class Counsel's application for an award of attorneys' fees, costs and expenses shall be filed with the Court no later than fourteen (14) calendar days before the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a settlement order and final judgment in accordance with the Agreement that will adjudicate the rights of the Settlement Class Members with respect to the Released Claims being settled.

19.    Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement.

Further Matters

20.    All discovery and other pretrial proceedings in the Action are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and comply with this Order.

21.    In the event the Settlement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, then (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any Party to the Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be

- 8 -

25

an admission by any party or any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court of other proceeding, provided, however, the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of the Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any Party may elect to move the Court to implement the provisions of this paragraph, and the non-moving Party and that Party's counsel shall not oppose any such motion.

22.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated: _____9- 2 9-/4_____

_____
Stephen N. Limbaugh, Jr.
United States District Court Judge

- 9 -