# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | | |
|---|---|---|
| RONALD LEES, on behalf of Himself | ) | |
| and other similarly situated, | ) | 4:13-cv-01411-SNLJ |
| Plaintiff, | ) | |
| | ) | Judge Limbaugh |
| v. | ) | |
| | ) | |
| ANTHEM INSURANCE COMPANIES INC., | ) | |
| d/b/a ANTHEM BLUE CROSS BLUE SHIELD, | ) | |
| Defendant. | ) | |

DECLARATION OF LARRY P. SMITH IN SUPPORT OF
REQUEST FOR ATTORNEY'S FEES

I, Larry P. Smith, declare as follows:

1.      I am Larry P. Smith of SmithMarco, P.C.  I submit this declaration in support of the Plaintiff Class Counsel's Petition for Attorneys' fees.  I have personal knowledge of the facts set forth herein, and could testify competently to them if called upon to do so.

2.      I began practicing law in 1993, and since 1998 have been devoted exclusively to handling consumer rights cases such as Fair Credit Reporting Act, Fair Debt Collection Practices Act, Consumer Fraud, Lemon Law, Electronic Funds Transfers Act, and Telephone Consumer Protection Act Cases.  In 2005, I started my own practice, Larry P. Smith & Associates, Ltd., which had been changed to SmithMarco, P.C. when David Marco became my partner.  Our cases have been exclusively consumer rights cases.  In 2013, I was named by the National Association of Consumer Advocates as a co-chairman of the Illinois Chapter.  As co-chair, I was part of a steering committee that organized and produced a weekend long seminar on the issue of defending credit card lawsuits on behalf of debtors.

3.      I am licensed in the state of Illinois, the Northern, Central and Southern Districts of Illinois, The Eastern and Western Districts of Wisconsin, the Northern and Southern Districts

1

of Indiana, the Eastern District of Missouri, the Eastern and Western Districts of Michigan, and the District Courts of Arkansas, Colorado, Nebraska, and Oklahoma.  I am licensed in both the Seventh and Eight Circuit Appellate courts.

4.      I received my undergraduate degree in political science from the University of Illinois in Champaign-Urbana, IL in 1990.  From there, I went directly to law at The John Marshall Law School, in Chicago, IL where I received my degree in June of 1993.

5.      Prior to 1998, I worked mostly in the field of personal injury.  I spent a three years working at Smith & Alberts, P.C. (no relation to the named partner) as a litigation attorney where I handled literally hundreds of smaller personal injury matters at both arbitration and trial.  I spent a two years also practicing personal injury on my own wherein I handled, again, numerous personal injury and civil rights matters in court.  Of my highlights would be the matter of *Shirley Vasquez v. Walmart Stores*, wherein I secured a verdict of over $384,000 for an 82 year old woman who fractured her hip in a Sam's Club, and Genowefa Zajdel v. Szala's Restaurant for over $392,000 for another 80 year old woman who fell and fractured her hip in a banquet hall.

6.      I turned to the practice of consumer's rights in 1998 when I began work for the law firm of Krohn & Moss, Ltd.  At K&M, I was hired to manage the consumer fraud department where I over saw a case load of over 75 consumer fraud cases.  There, I tried over a dozen cases to verdict on issues dealing primarily with fraud committed in the automobile sales transactions – both in the sale and financing of the vehicle.  We also handled matters of public interest.  In 2003, I handled a multi-plaintiff trial against a person running a modeling agency scam, *Bianca Jackson v. Willis Domingo, Individually and Marc Verlaine Studios*, when we were able to obtain a verdict against the individual, piercing the corporate veil, in the amount of $75,000.

7.      I argued before the Seventh Circuit on five occasions, all in cases under the Fair Credit Reporting Act: *Westra v. Credit Control*, 04-3139, argued Feb. 11, 2005; *Sarver v. Experian*, 04-1423, argued Sept. 29, 2004; *Wantz v. Experian*, 04-1272, argued June 17, 2004; *Bagby v. Experian*, 04-2593, argued Dec. 2, 2004; and *Ruffin-Thompkins v. Experian*, 04-1127, argued Nov. 8, 2004.

8.      I was also called upon to handle matters out of state as an attorney admitted *pro hac vice* in the states of Wisconsin, Missouri, and Georgia.  Most notably, in the matter of *Susan Smith and Cherisse Vawda v. Janesville RV Center* I tried a case involving the sale of a recreational vehicle that was misrepresented as a newer model when it was actually a few years older.  In that matter I received a verdict in Rock County, Wisconsin for a total of over $22,000 inclusive of attorney fees.

9.      In November of 2005, I opened my own consumer rights firm, Larry P. Smith & Associates, Ltd.  At that time, it was just a two person law firm.  Our focus has been exclusively claims for consumers under Fair Credit Reporting Act, Fair Debt Collection Practices Act, Consumer Fraud, Lemon Law, Electronic Funds Transfers Act, and Telephone Consumer Protection Act Cases.

10.      While on my own, I handled a number of federal trials in the Northern District of Illinois.  In February of 2008, I was counsel for plaintiff in *Fadia Farra v. Wexler & Wexler* , 06 CV 0071, in which my opponent was former judge Wayne Rhine.  In that matter, we obtained a verdict under the Fair Debt Collection Practices Act for a total of $875, and were awarded attorney fees in the amount of $32,480.      I also handled the trial in the matter of *Wayne Talley v. U.S. Department of Agriculture,* 09 CV 2123 a FCRA case wherein the federal government defended itself on immunity grounds.  We were able to secure a verdict for Mr. Talley in the

3

amount of $10,000 after a bench trial before Hon. Wayne Anderson (retired) against the government for misreporting a payment history on a loan.  We also had to defend an appeal to the Seventh Circuit, which ultimately required a rehearing *en banc*.

11.    Other federal trials I have handled in other matters of consumers' rights include *Cruz v. Affordable Autos*, 01 cv 1861, (dealership sold vehicle to Spanish speaking customer without making any disclosures in native language; verdict for Plaintiff for $5,001, and attorney fees awarded of $15,294, and Bond v. JVDB Associates, 03 cv 1804 (violation of FDCPA for harassment and failing to provide validation notice; verdict for Plaintiff for $3,250 plus attorney fees awarded of $15,295).

12.    Since opening in 2005, my firm has handled over 3,000 consumer rights cases. We have handled and completed 9 TCPA cases since 2012 (the year we took on our first TCPA case), one of which was resolved for $198,000 with $120,000 being awarded to the consumer. Currently, we are involved in two other TCPA class action cases as lead counsel along with our co-counsel in this instant matter, Alex Burke, *Jennifer Ossola, et al v. American Express, et al*, 13 CV 4836, and *Vince Buonomo v. Optimum Outcomes*, 13 CV 5274, both pending in the Northern District of Illinois.

13.    Aside from the class action matters mentioned above, I am also currently counsel in three other currently pending class action cases:  *Latarra Ollie v. Waypoint Homes, 14 CV 1996*, Northern District of California (claims under Equal Credit Opportunity Act for failure to disclose to consumers the reason for the denials of credit);  *Joseph Rosen v. Spirit Airlines*, 14 CV 6446, Northern District of Illinois (claims under Fair and Accurate Credit Transactions Act for failure to truncate and hide a consumers credit card number); and *Angel Trawick v. G4S Secure Solutions, Inc*., 14 CV 3452, Northern District of Illinois (claims under the Fair Credit

4

Reporting Act for failure to properly make pre-adverse action disclosures regarding the contents of a background report in an employment setting.).

14.     At SmithMarco, P.C. when we take on a case such as Mr. Lees', we take the matter on a contingency basis.  As there is no mechanism under the TCPA to recover attorney fees, we are forced to take the cases on a contingency and risk losing a great deal of time and money if we are not successful.  We do not charge our clients or get paid by them in the event of a loss.  As a result, we have to put a substantial amount of time and money into cases where there is no promise or guarantee that we will be compensated.  As such, when I negotiated the representation agreement with Mr. Lees, I negotiated for him to pay, on a contingency basis, one-third of the total amount of recovery.   I selected this number based upon my numerous discussions with other lawyers around the country that handle these same claims along with a constant review, as a Westlaw subscriber,  of court decisions deciding fee petitions on TCPA class action cases.

15.     My firm and I have devoted a large amount of time toward completing this case successfully.  For example, I have acted as a liaison with Mr. Lees, who does not own a computer. As the initial contact for Mr. Lees and his family, I initially investigated this claim

16.     I assisted, along with co-counsel, in the preparation of the complaint and the initial class certification motion.  I also participated in the drafting and service of all of the subpoenas issued in this case (a total of seven) and procurement of all the responses, as well as reviewing and analyzing the data contained therein.  I have participated in numerous attorney strategy meetings, and preparation for the mediation that resulted in the settlement of this case.

17.     Since the time that preliminary approval was granted in this matter, additional time has been spent in representing the class.  Aside from the review of all materials being

5

distributed to the potential class members prior to distribution, there have been weekly reviews of the data pertaining to the claims being made by class members, and the potential reach to all the class members.  Discussions were had on making additional pushes to obtain claims from more class members.  In addition, time has been spent counseling class members as numerous telephone calls have been received by me from class members with questions regarding the case and the ability to make a claim.

18.    Based upon my experiences, I believe this settlement to be fair and reasonable under the circumstances, and in the best interests of the class.  The settlement provides monetary recovery, prospective relief in the cessation of auto-dialed calls, and a strong deterrent of future conduct by other actors considering engaging in the same activities.

I declare under the penalty of perjury under the laws of the United States and the State of Missouri that the above is true and correct, and that this declaration was executed in Chicago, Illinois on December 24, 2014.


        /s/ Larry P. Smith