# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| RONALD LEES, on behalf of Himself and other similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ANTHEM INSURANCE COMPANIES INC., d/b/a ANTHEM BLUE CROSS BLUE SHIELD, | ) ) ) |
| Defendant. | ) ) |

4:13-cv-01411-SNLJ

Judge Limbaugh

## DECLARATION OF DAVID M. MARCO

I, DAVID M. MARCO, declare as follows:

1.  I am one of the founding partners of the law firm of SmithMarco, P.C.; I submit the following declaration as an integral part of Plaintiff's Petition for Attorney's Fees in the above-captioned matter.

2.  I have personal knowledge of the facts set forth in this declaration and, if called upon to do so, I would testify in conformity with the facts delineated in this declaration.

3.  I graduated from the University of Bolton, England in 1994 (B.S. Psychology); in 1997 I moved to the United States and attended Chicago-Kent College of Law through 2000, when I graduated with my J.D. During my tenure at law school, I worked at Chicago-Kent's criminal clinic serving the interests of indigent clients that would otherwise have been unable to retain private attorneys to assist with their defense.

4.  I began practicing law in 2000 and the overwhelming majority of my years as a practicing attorney have been spent exclusively representing the interests of consumers in cases arising from common law fraud and violations of multifarious consumer protection statutes such as various State deceptive business practices acts and lemon laws, and cases arising from

violations of consumer federal statutes such as the Telephone Consumer Protection Act, Truth in Lending Act, Fair Credit Reporting Act, Fair Debt Collection Practices Act and Magnusson-Moss Warranty Act.

5. I am presently licensed to practice in the State of Illinois and admitted in the U.S. Court of Appeals for the Seventh Circuit and the Eighth Circuit and the U.S. District Courts in Arkansas, Colorado, Illinois, Indiana, Michigan, Nebraska, Oklahoma, Wisconsin, and the Eastern District of Missouri. In addition, I have been admitted *pro hac vice* in various U.S. District Courts in Arizona, California, Florida, Georgia, Iowa, Kansas, Minnesota, Missouri, New York, Ohio, Texas and Washington and the state courts of Arkansas, Indiana, and Wisconsin. I am a member of the American Bar Association, Illinois State Bar Association, and the National Association of Consumer Advocates.

6. I have worked with my law partner, Larry Smith, for many years. I first worked with Mr. Smith 2002 at another consumer rights firm. In November 2005, Mr. Smith started the law firm of Larry Smith & Associates, Ltd.; I joined his firm in January 2009 as his senior associate, responsible for all aspects of the litigation for the firm. I subsequently became a partner and the name of our firm was changed to SmithMarco, P.C. Our firm exclusively represents consumer clients and solely on a contingency fee basis. Since 2009 I have personally resolved in excess of 750 consumer related cases ranging from credit reporting issues, consumer fraud problems, breach of warranty claims, debt collection harassment cases, and TCPA violations.

7. Mr. Smith and I are actively involved in the National Association of Consumer Advocates; in 2013, we were named as Co-Chairmen for the Illinois Chapter. In that capacity, SmithMarco, P.C., assisted in the organization and scheduling of a three-day seminar regarding

the defending of consumer debt lawsuits. Further, in 2014 I was invited by NACA to deliver a seminar on the Fair Credit Reporting Act.

8. I strive to keep current on the areas of law in which I practice and each year I attend the annual conference of the National Consumer Law Center Consumer Rights Litigation Conference. In addition, I have attended many subject-specific conferences offered by the NCLC, including multiple conferences regarding the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Further, in addition to our state's mandatory CLE requirements, since 2011 I have attended in excess of fifty (50) continuing legal education classes on a wide range of consumer related issues.

9. In order to further represent the interests of consumers, SmithMarco, P.C. has teamed up with other consumer rights attorneys around the country, including the law firm of Burke Law Offices, LLC, and notably Alex Burke. Mr. Burke focuses on consumer class action cases, with a particular focus on cases arising under the Telephone Consumer Protection Act. Further, Mr. Burke is regularly asked to speak regarding TCPA issues, on the national level and is actively engaged in policymaking as to TCPA issues; indeed, he has had several meetings with various decision makers at the Federal Communications Commission.

10. My firm and I first started prosecuting autodialer TCPA actions in 2012. Since then, we have successfully prosecuted nine (9) individual TCPA actions, one of which I resolved for $198,000. In addition to the aforementioned TCPA cases, we have also prosecuted forty-three (43) FDCPA/TCPA cases, one of which was successfully resolved on behalf of a minor who was receiving myriad autodialed, collection calls while she was attending class. In addition to the present matter, I am also prosecuting two (2) other TCPA class action cases as co-lead counsel with other leading consumers attorneys, including co-counsel in the present case, Alex

- 3 -

Burke; said matters are *Ossola et al v. American Express Company et al,* 13-cv-4836 (N.D.Ill.) and *Buonomo v. Optimum Outcomes, Inc.,* 13-cv-5274 (N.D.Ill).

      11.      In addition to the aforementioned TCPA class action cases, I am also counsel for plaintiff and a putative class in three (3) other currently pending class action cases: (i) *Rosen v. Spirit Airlines, Inc.,* 14-cv-6446 (N.D.Ill.) (a case predicated on Spirit Airlines failures to comply with the provisions of the Fair and Accurate Credit Transactions Act in that it failed to appropriately truncate consumers' credit card numbers thus exposing said consumers to identity theft); (ii) *Ollie v. Waypoint Homes, Inc.,* 14-cv-1996 (N.D.Cal.) (a case brought pursuant to the Equal Credit Opportunity Act for the failure of the defendant to provide appropriate notice to consumers of the reason(s) for the declination of credit, which serves to protect consumers from discrimination in the extension of credit opportunities); and (iii) *Trawick v. G4S Secure Solutions, Inc.,* 14-cv-3452 (N.D.Ill.) (a case brought against G4S for its failure to provide appropriate pre-adverse action disclosures to consumers in the employment context, in violation of the Fair Credit Reporting Act).

      12.      In representing the rights of consumers around the country I have successfully prosecuted multiple cases to trial in various forums, including the following: *Carr v. Oak Lawn Mazda, LLC*, 08 M1 109198 (Cook Co., IL) (an action prosecuted for common law fraud and for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act and based upon the defendant's intentional misrepresentation about the history of a used vehicle sold to a consumer. The case proceeded to trial and a successful result was obtained for the consumer); *Copeland v. Kramer & Frank, P.C.,* 09-cv-00310 (E.D. Mo.) (an aggressively contested action brought against a law firm for its violation of the Fair Debt Collection Practices Act and for misrepresentations made by said firm during the course of the underlying tribunal. The

defendant's motion to dismiss (2009 WL 1684661), and motion for summary judgment, were both denied (2010 WL 2232712) and the matter ultimately proceeded to trial. At trial, the jury returned a unanimous verdict for the maximum allowable statutory damages. After the trial, the defendant filed multiple motions, including a motion for new trial based on claimed juror misconduct, putative inappropriate jury instructions, and supposed incorrect evidentiary rulings and a motion for judgment as a matter of law. Each of defendant's motions was denied and defendant filed a notice of appeal with the Eighth Circuit. The matter was ultimately favorably resolved in favor of the plaintiff with the judgment in favor of the consumer remaining intact); *Herring v. Country Chevrolet, Inc.,* 2009 L 124 (Kankakee Co., IL) (proceeded to trial based on the defendant's conduct, which constituted common law fraud and was violative of the Illinois Consumer Fraud and Deceptive Business Practices Act.  Specifically, the defendant misrepresented the terms and conditions of the financing of the sale of a vehicle such that the plaintiff's father, a Vietnam veteran, was erroneously solely financially responsible for the vehicle and was subject to a plethora of harassment by collectors and repossession companies. At the conclusion of the plaintiff's case-in-chief, the defendant made a motion for directed verdict, which was denied. The case was subsequently resolved in favor of the consumer and her father); *Lisa Stevens & Gareth Griswold v. Castle Buick* (AAA – Cook Co.) (case predicated on auto dealer's fraudulent misrepresentation about the history and condition of a vehicle purchased by a consumer. The vehicle had sustained considerable accident damage and was unsafe to drive. The matter was taken to arbitration pursuant to an agreement entered into between the parties and a finding was returned in favor of the consumer); *Keatts v. Ford Motor Company*, 60-cv-10-4722 (Pulaski Co., AR) (one of a number of cases prosecuted in favor of consumers in other jurisdictions. This matter was brought pursuant to the Magnusson-Moss Warranty Act and the

Arkansas lemon law.  The jury returned a unanimous verdict in favor of the consumer, which ultimately resulted in the defective Ford vehicle being repurchased from the consumer for full value.  Though Ford appealed the verdict to the Arkansas Appellate Court, it was unsuccessful in its attempt to overturn the verdict); *Krolicki v. Infiniti of Orland Park, Inc.,* 10 M1 197483 (Cook Co., IL) (a case predicated on the defendant's fraudulent concealment of catastrophic damage to a vehicle it sold to a consumer and one that was being used exclusively by her teenage son.  After a five (5) day trial, the jury returned a unanimous verdict on plaintiff's common law fraud count in favor of the plaintiff for her actual damages and for punitive damages.  The court further found in favor of the plaintiff for her claim of a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, also for actual damages and punitive damages.  Combined with the attorneys' fees and costs awarded, a judgment was entered against the defendant in the amount of $130,115.00); *Clemons v. Nissan North America, Inc.,* 09-L-000339 (Sangamon Co., IL) (breach of warranty case brought against Nissan North America for its failure to comply with the terms of its warranty and its failure to carry our repairs to a consumer's vehicle.  The defendant filed a motion to dismiss on the eve of trial, which was granted by the trial court.  We appealed the dismissal of the plaintiff's case and prevailed with the Appellate Court.  The matter was remanded to trial and five (5) years after the filing of the complaint, the jury returned a verdict in favor of Ms. Clemons for the full amount of the diminution in value with a petition for fees and costs currently pending with the court); *Legittino v. Metro Auto Traders, Inc.,* (AAA – Cook Co., IL) (binding arbitration wherein auto dealer was found to have violated the Illinois Consumer Fraud and Deceptive Business Practices Act relative to its failure to properly apprise the consumer about the history and condition of the vehicle being purchased).

13. While I was successful in the prosecution of each of the foregoing matters, taking a consumer case on a contingency basis through to trial is not without risk and can sometimes be a very costly endeavor. For example, in the matter of *Wis v. Hyundai Motor America Corporation*, (Sheboygan Co., Wis.) my firm incurred such a cost, both in terms of time and expenditure. The case was brought against the defendant for alleged violations of the Magnusson-Moss Warranty Act and the Wisconsin Fraud and Deceptive Sales Practices Act. At the conclusion of the trial, a finding was entered in favor of the defendant and against our client. Despite the case having been pending for approximately three (3) years, and despite incurring considerable attorneys' fees and costs, my firm received no remuneration for our representation of Mr. Wis.

14. As with each and every case that SmithMarco, P.C. handles, we undertook the representation of Mr. Lees and the class in this case on a contingency fee basis. We have spent substantial time and resources on the prosecution of this case, both of which could have been spent on other matters. Notwithstanding this fact, we invested our time and resources in the prosecution of this claim to ensure an appropriate remedy for Mr. Lees and the class, cognizant of the fact that we would recover nothing without securing either a favorable settlement or judgment. Together with the law firm of Burke Law Offices, LLC, SmithMarco, P.C. bore the risk of expending these significant costs and time in litigating the present case action without any guarantee of recovery.

15. Though every conceivable effort is made to ensure a favorable result for our clients, practicing in the area of consumer rights litigation and taking on the representation of consumers whose rights have been violated solely on a contingency fee basis, as noted above, sometimes results in unfavorable findings and verdicts. Notwithstanding the impact on the

consumers involved in those cases, SmithMarco, P.C., can and has suffered considerable loss in terms of the financial and time investment – a rudimentary risk in the practice of consumer rights and contingency law.

16. When SmithMarco, P.C., negotiated the terms of our representation of Mr. Lees, we negotiated that the terms would be such that we would be entitled to one-third of the total amount of any recovery in this matter. The contingency fee proposed to Mr. Lees was a fee predicated upon our experience litigating similar matters, based on consultation with fellow consumer rights attorneys, and based on a constant review of cases interpreting the propriety of such contingency fee terms and certification of classes that included similar provisions for attorneys' fees and costs. Mr. Lees freely accepted the terms of our retainer agreement. Further, we have never had any client reject our proposal for a one-third contingency fee.

17. My education, training, qualification and multifarious experience with the practice of consumer protection litigation demonstrates my skill, ability and dedication to working on behalf of consumers and prosecuting cases under various consumer rights statutes, including the Telephone Consumer Protection Act – the statue under which the present action was brought and prosecuted. Further, said experience, education and training justifies the attorneys' fees requested in this case.

18. I have been actively involved in all aspects of the prosecution of this case, from its inception more than twelve (12) months ago. My work on this matter includes the early discussions with Mr. Lees and working with my co-counsel as to the drafting and filing of the class complaint, through to the present activity in this case. Moreover, I actively participated in the entire mediation process, including pre-mediation meet and confer, the day-long session with Honorable Layn Phillips and the subsequent negotiations that have continued in excess of

an additional ninety (90) since the conclusion of the mediation as the parties worked towards a resolution of the material terms of the settlement and related class documentation.

19.     Since the time that preliminary approval was granted in this matter, additional time has been spent in representing the class.  Aside from the review of all materials being distributed to the potential class members prior to distribution, there have been weekly reviews of the data pertaining to the claims being made by class members, and the potential reach to all the class members.  We have had discussions on making additional pushes to obtain claims from more class member.  In addition, time has been spent counseling class members as telephone calls have been received by me from class members with questions regarding the case and the ability to make a claim

20.     Based upon my previous experience as noted above, I believe the proposed settlement of this case, and the requested fee, to be fair and reasonable under the circumstances and in the best interest of the class. The settlement provides real monetary recovery, substantial prospective relief and will act as a strong deterrent to future conduct by other actors considering activities proscribed by the TCPA.

Under penalty of perjury pursuant to the laws of Illinois and the United States, I declare that the foregoing is true and correct, and that this declaration was executed in Chicago, Illinois on December 24, 2014.

*s/ David M. Marco*