# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | | |
|---|---|---|
| RONALD LEES, on behalf of Himself and other similarly situated, | ) ) | 4:13-cv-01411-SNLJ |
| Plaintiff, | ) ) | |
| | ) | Judge Limbaugh |
| v. | ) ) | |
| ANTHEM INSURANCE COMPANIES INC., d/b/a ANTHEM BLUE CROSS BLUE SHIELD, | ) ) ) | |
| Defendant. | ) | |

**DECLARATION OF ALEXANDER H. BURKE IN SUPPORT OF
FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1.      I am Alexander H. Burke, manager and owner of Burke Law Offices, LLC.  I submit this declaration in support of Plaintiffs' motion final approval of the class settlement in this matter. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.      In September 2008, I opened Burke Law Offices, LLC.  This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act, although the firm accepts the occasional action pursuant to the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others.  The firm also sometimes accepts mortgage foreclosure defense or credit card defense case.  Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

3.      I am regularly asked to speak regarding TCPA issues, on the national level. For example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call claims pursuant to the Telephone Consumer Protection Act for both the National Association of

1

Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center national conferences in October 2012 and November 2013. I have been asked to return and speak again to the National Association of Consumer Advocates.

4.     I also am actively engaged in policymaking as to TCPA issues, and have had several *ex parte* meetings with various decision makers at the Federal Communications Commission.

5.     I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006 through 2013, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

6.     Some notable class actions and autodialer TCPA class actions and other cases that my firm has worked on include: *Charvat v. Valente*, --- F.Supp.3d ----, 2015 WL 993389 (N.D.Ill. March 3, 2015) (compelling discovery in TCPA class case); *Wilkins v. HSBC Bank Nevada, N.A.*, 2015 WL 890566 (N.D.Ill. Feb. 27, 2015) (finally approving $40 million TCPA settlement; this decision is currently on appeal); *Hossfeld v. Government Employees Ins. Co.*, --- F.Supp.3d ----, 2015 WL 847474 (D.Md. Feb. 25, 2015) (denying motion to dismiss in TCPA vicarious liability case); *Legg v. Quicken Loans, Inc.*,2015 WL 897476 (S.D.Fla. Feb. 25, 2015) (denying motion to dismiss in TCPA case); *Toney v. Quality Resources, Inc.*, --- F.Supp.3d ----,

2014 WL 6757978 (N.D.Ill. Dec. 1, 2014) (denying motion to dismiss and defendant's summary judgment motion in TCPA class action); *Gomez v. PNC Bank, National Association*, --- F.Supp.2d ----, 2014 WL 3640798 (Jul. 24, 2014) (litigation collective action and Rule 23 class certified for unpaid overtime claims; this decision is on interlocutory appeal); *Smith v. State Farm Mutual Automobile Insurance Company*, and 301 F.R.D. 284 & 30 F.Supp.3d 765 (N.D.Ill. 2014) (appointing Burke Law Offices, LLC as interim co-lead liaison counsel through contested leadership motion practice, and later denying motion to dismiss TCPA case); *Charvat v. Allstate Corporation*, 29 F.Supp.3d 1147, N.D.Ill., March 05, 2014) (denying motion to dismiss in TCPA case); *Hanley v. Fifth Third Bank*, 1:12-cv-1612 (N.D.Ill.) ($4.5 million nonreversionary TCPA settlement); *Martin v. Dun & Bradstreet, Inc.*, 1:12-cv-215 (Aug. 21, 2012 N.D.Ill.) (Denlow, J. certifying litigation class and appointing me as sole class counsel) (Jan. 16, 2014, 2013) (final approval granted for $7.5 million cap / $4.9 million floor nonreversionary class settlement); *Desai v. ADT, Inc*, 1:11-cv-1925 (June 21, 2013) (final approval for $15 million TCPA class settlement granted); *Martin v. CCH, Inc.*, 1:10-cv-3494 (N.D.Ill.) (Mar. 20, 2013) (final approval granted for $2 million class settlement in TCPA autodialer case); *Swope v. Credit Management, LP*, 2013 WL 607830 (E.D.Mo. Feb. 19, 2013) (denying motion to dismiss in "wrong number" TCPA case); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D.Ill. Aug. 10, 2012) (denying motion to dismiss TCPA case on constitutional grounds); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681(N.D.Ill. Aug 21, 2011), *aff'd*, 679 F.3d 637 (7th Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited to litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 2011 WL 2356390 (N.D.Ill. Jun 14, 2011); *Martin v. Bureau of Collection Recovery*,2011WL2311869 (N.D.Ill. June 13, 2011) (motion to compel TCPA class discovery

granted); *Powell v. West Asset Management, Inc.*, 773 F.Supp.2d 898 (N.D.Ill. 2011)(debt collector TCPA defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief may be granted); *Fike v. The Bureaus, Inc.*, 09-cv-2558 (N.D.Ill. Dec. 3, 2010) (final approval granted for $800,000 TCPA settlement in autodialer case against debt collection agency); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class).

7. Before I opened Burke Law Offices, LLC, I worked at two different plaintiff boutique law firms doing mostly class action work, almost exclusively for consumers. Some decisions that I was actively involved in obtaining while at those law firms include: *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, 04 C 5759, 2006 U.S. Dist. LEXIS 19624

(N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.*, case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

8.     I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.).  During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

9.     I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

10.     I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for

the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Western District of Wisconsin, Northern District of Indiana, Southern District of Indiana and the District of Nebraska. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

11.     The above experience, qualifications, decisions and settlements demonstrate my ability and commitment to prosecuting TCPA class cases, and show substantial experience in negotiating fair and adequate settlements.

12.     Although the parties settled before extensive motion practice, this case was hard-fought. My firm issued multiple subpoenas to third parties and engaged in substantial arms-length discovery talks with Anthem, before settling. Moreover, Anthem provided information regarding it (and its vendor Alta's) calling practices, call records and dialer equipment, as well as information used to identify the 830,953 cellular telephone numbers that were called.  This information and materials assisted us in effectively negotiating on behalf of the class, and ultimately informed the settlement.  The parties mediated the case the Honorable Layn R. Phillips (retired), and reached a settlement only through heated arms-length negotiations. The settlement discussions in this matter were extensive, contentious and heated. My team and I worked very hard to obtain the best possible result for the class over the course of many months, though good faith arm's-length negotiations.  We only negotiated our proposed fee award after the parties had come to terms on relief for the Settlement Class.

13.     My firm expended $19,066.20 in out-of-pocket costs in this matter. I understand that my co-counsel SmithMarco incurred $1,138 in out-of-pocket costs.

14.     On January 20, 2015, I sent the email attached hereto as Exhibit 1, to John W. Davis, asking that he please provide an address and telephone number for his client, objector Glenn Kassiotis. To my knowledge, Mr. Davis never responded to this request, except to make a supplemental filing with the Court that referenced this information, but was redacted.

15.     The named plaintiff Ronald Lees expended considerable time and effort on behalf of the Settlement Class—gathering key facts and documents, reviewing pleadings and other filings, assisting with discovery, working with counsel to negotiate the settlement, and generally participating in the litigation of this action.

16.     In my view, given all the risks of litigation and the facts and circumstances of this case, the settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Chicago, Illinois

March 26, 3015

Alexander H. Burke

# Exhibit 1

**Alexander Burke**

| From: | Alexander Burke |
|---|---|
| Sent: | Tuesday, January 20, 2015 5:04 PM |
| To: | 'john@johnwdavis.com' |
| Cc: | David M. Marco (dmarco@smithmarco.com); 'Smith, David Z.' |
| Subject: | Lees v. Anthem Settlement Objection |

Dear Mr. Davis,

We are in receipt of your client Glenn Kassiotis' objection to the class settlement in Lees v. Anthem, 4:14-cv-1411-SNLJ.

The objection does not contain Mr. Kassiotis' address or telephone number, as required by the settlement. Would you please provide this information?

Alex Burke

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

1