# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| RONALD LEES, on behalf of Himself and other similarly situated, | ) Case No. 4:3-cv-01411-SNLJ |
| | ) |
| Plaintiffs, | ) **SUPPLEMENTAL DECLARATION OF** |
| | ) **PHIL COOPER** |
| | ) **RE: NOTICE PROCEDURES** |
| v. | ) |
| | ) |
| ANTHEM INSURANCE COMPANIES INC., | ) |
| d/b/a ANTHEM BLUE CROSS BLUE | ) |
| SHIELD, | ) |
| | ) |
| Defendant. | |

I, **Phil Cooper**, declare:

1.     I am a Senior Consultant at Kurtzman Carson Consultants LLC ("KCC"), located at 75 Rowland Way, Suite 250, Novato, California.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.     This declaration supplements my previous declaration executed March 26, 2015.

3.     For ease of reference, screenshots of the settlement website's claim filing functionality and a copy of the physical claim form claimants could submit via mail are attached hereto as Exhibits A and B respectively.

4.     As of April 9, 2015, there were 332 claims classified as invalid due to late submission. 212 of these claims were submitted through the website after the January 11, 2015 deadline to submit a claim but before the functionality was removed from the website entirely.  The data KCC received for those claims, as well as the date on which they were received, is attached as Exhibit C. The 120 remaining late claims were submitted via mail after the submission deadline. KCC has provided to counsel for both sides a report detailing the late claims submitted through the website and digital copies of the physical claims deemed late, as well as copies of the 13 claims where the claimant did not sign the claim form. The late claims KCC received by mail are attached as Exhibit D, and the unsigned claims are attached as Exhibit E.

1

5.     In order to recover money pursuant to the terms of the settlement, claimants were required to provide a cellular telephone number on their claim form (or online claim submission) that appeared on the class list, and to sign their claim form (or check a box on the website during the submission process) affirming they received calls on the cellular telephone number being claimed. Of the claims submitted, 13 were deemed invalid for being unsigned (attached hereto as Exhibit E). 2 were deemed invalid for not providing any phone number on their claim form, and 2,712 were deemed invalid because the cellular number provided on their claim submission did not appear on the class list. This proportion of claims deemed invalid for those reasons is not uncommon.

6.     Attached hereto as Exhibit F is a chart of statistics from similar TCPA settlements administered by KCC. For each of these cases, claimants attested to receiving a call, text message or fax to a number they provided on the claim form, and a validation process was performed, typically to match the numbers on the class list to the numbers provided by claimants on their claim form. The chart in Exhibit F shows for each settlement the percentage of valid claims, the percentage of invalid claims, and the percentage of claims denied because they were duplicative of another claim on file or not an actual claim filing attempt, such as correspondence written on a claim form.

7.     Given that the invalid percentage in this case was similar to that of the cases listed in rows I through K, the chart in Exhibit F provides additional detail as to the reasons the claims in those cases were deemed invalid. Cases I, J, K, and Anthem all used a validation process involving the matching of the phone number submitted on a claim form to a phone number on the class list. Case L included a similar matching process, but focused on the time period the class member owned the phone, which was used to validate the call data available in that matter. Both these claim scoring methodologies seek to ensure that only those claimants who can prove they are entitled to relief actually receive relief.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 20th day of April 2015 at Novato, California.

Phil Cooper

Supplemental Declaration of Phil Cooper Re: Notice Procedures