**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**ST. LOUIS DIVISION**

| | |
|---|---|
| RONALD LEES, on behalf of Himself and other similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 4:13-cv-01411-SNLJ ) |
| v. | ) Hon. Stephen N. Limbaugh, Jr. ) |
| ANTHEM INSURANCE COMPANIES INC., d/b/a ANTHEM BLUE CROSS BLUE SHIELD, | ) ) ) ) |
| Defendant. | ) ) |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter coming to be heard on Plaintiff Ronald Lees's Unopposed Motion for Final Approval of Class Action Settlement ("Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered all papers filed and proceedings in this matter, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. The Settlement Agreement and Release dated September 25, 2014 including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Final Judgment and Order of Dismissal. The terms of this Court's Preliminary Approval Order are also incorporated by reference in this Final Judgment and Order of Dismissal.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order:

> SETTLEMENT CLASS: All persons or entities who, on or after July 15, 2009, through and including July 16, 2014, received from Alta Resources, Inc. on behalf of Anthem Insurance Companies, Inc., and its parents, subsidiaries or corporate affiliates a telephone call on a cellular number. Excluded from the Settlement Class are

> the Judge to whom the Action is assigned and any member of the Judge's staff and immediate family, as well as all persons who validly request exclusion from the Settlement Class.

The Court is advised that the settlement class is solely comprised of the persons assigned to approximately 830,593 unique cellular phone numbers, a list of called cellular numbers has been provided to the Class Administrator.

3. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section III.E of the Settlement Agreement and in compliance with this Court's Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class and the defendant, and supporting declarations. The Court has also read and considered any written objections filed with the Clerk of the Court by Settlement Class Members. The Court held a hearing on April 9, 2015 where the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement. The Parties, as well as counsel for objector Glen Kassiotis, appeared, and the Court heard argument on that date.

5. Based on the papers filed with the Court and the presentations made to the Court by the Parties and Mr. Kassiotis having appeared through counsel at the hearing, the Court now gives final approval to the Settlement and find that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. Specifically, the complex legal and factual posture of the Action, and the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator support this finding.

6. Pursuant to Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only the Settlement Class, as defined above.

7. Pursuant to Federal Rule of Civil Procedure 23 and for settlement purposes only, Ronald Lees is hereby appointed as class representative and Burke Law Offices, LLC and SmithMarco, P.C. are appointed as Class Counsel.

8. With respect to the Settlement Class, the Court finds for settlement purposes only that: (a) the Settlement Class as defined above is so numerous that joinder of all members is impracticable; (b) there are questions or law or fact common to the Settlement Class; (c) the claims of the class representative, identified above, are typical of the claims of the Settlement Class; (d) the class representative will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affected only individual members; and (f) certification of the Settlement Class is superior to the other methods for the fair and efficient adjudication of the controversy. The Court further finds that (A) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (B) the Court is satisfied with Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (C) it is desirable to concentrate the claims in this forum; and (D) it is unlikely that there will be difficulties encountered in administering this Settlement.

9. The Court further finds and concludes that the Class Notice given to the Settlement Class, in accordance with the Court's Preliminary Approval Order, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all members of the

Settlement Class who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

10. This Court hereby finds and concludes that the notice provided by Anthem Insurance Companies, Inc. to the appropriate State and federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

11. The persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Judgment and Order of Dismissal. Annexed hereto as Appendix A is a schedule of all such persons and entities excluded from the Settlement Class.

12. The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated into this Final Judgment and Order of Dismissal and shall have the full force of an order of this Court.

13. This Court hereby dismisses the Action with prejudice, without costs to any party, except as expressly provided for in the Settlement Agreement, as to Plaintiff and the Settlement Class Members. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

14. The Court adjudges that the Plaintiff and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Settlement Class representatives and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable, or equivalent laws, are terminated.

15. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Judgment and Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

16. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Anthem Insurance Companies, Inc., or of the truth of any of the claims asserted by Plaintiff in the Action, and evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Final Judgment and Order of Dismissal.

17. In the event that any provision of the Settlement or this Final Judgment and Order of Dismissal is asserted by Anthem Insurance Companies, Inc. as a defense in whole or in part to any Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other

proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Final Judgment and Order of Dismissal and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

18. Without affecting the finality of this Final Judgment and Order of Dismissal in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement Agreement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; (c) all parties to this Action and the Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 15.

19. The Court approves payment of attorneys' fees, costs and expenses to Class Counsel's in the amount of $1,625,0000 in attorneys' fees and costs. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20. The Court approves the incentive fee payment of $10,000 for Ronald Lees. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. The Court approves the 8,139 claims identified by the Parties as valid. Furthermore, the Court holds that Claim Forms that were postmarked or received (by mail or electronically) on or before January 18, 2015, are deemed valid. Additionally, the Court deems Claim Forms that were late, but included an explanation of why they were late or have postal markings suggesting they were lost in the mail as valid, (#72-4 at 178, #72-5 at 4, 34, 74, 92, 98, 178, 206). Finally, the Court deems valid all of the unsigned claim forms, except for (#72-6 at 38), which does not include a phone number. All other claims are deemed invalid, for the reasons in the Court's Memorandum and Order dated June 10, 2015.

22. Neither this Final Judgment and Order of Dismissal nor the Settlement Agreement shall be construed or used as an admission or concession by or against Anthem Insurance Companies, Inc. or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Judgment and Order of Dismissal is not a finding on the validity or invalidity of any claims in this Action or a determination of any wrongdoing by Anthem Insurance Companies, Inc. or any of the Released Parties. This final approval of the Settlement Agreement does not constitute any opinion, position or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members or Anthem Insurance Companies, Inc.

23. Any objections to the Settlement Agreement are overruled and denied in all respects, except to the extent discussed in the Court's Memorandum and Order dated June 10, 2015.

24. Finding that there is no just reason for delay, the Court orders that this Final Judgment and Order of dismissal shall constitute a final judgment pursuant to Rule 54 of the

Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this Final Judgment and Order of Dismissal on the docket forthwith.

    IT IS SO ORDERED.


Dated: June 16, 2015                      _____
                                                  Stephen N. Limbaugh, Jr.
                                                  United States District Court Judge