# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# ST. LOUIS DIVISION

| | |
|---|---|
| RONALD LEES, on behalf of Himself and others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>ANTHEM INSURANCE COMPANIES INC., d/b/a ANTHEM BLUE CROSS BLUE SHIELD,<br><br>                Defendant. | Case No. 4:13-cv-01411-SNLJ<br><br>**DECLARATION OF JOHN W. DAVIS IN SUPPORT OF CLASS MEMBER GLENN KASSIOTIS'S MOTION FOR ATTORNEYS' FEES AND SERVICE AWARD**<br><br><br>**Hon. Stephen N. Limbaugh, Jr.** |

I, John W. Davis, affirm the following:

1.     I am a member in good standing of the State Bar of California, the Florida Bar, and am admitted to practice in numerous federal district courts and courts of appeal. I have been admitted to practice *pro hac vice* before this Court in the above-captioned matter on behalf of class member Glenn J. Kassiotis ("Objector"). I am submitting this declaration in support of my firm's application for an award of attorneys' fees for services rendered in this case, and for reimbursement of expenses reasonably incurred in connection with this litigation. The following statements are based on my personal knowledge and the files and records in this case of which I am aware and, if called on to do so, I could and would testify competently thereto.

2.     I am the managing attorney of the Law Office of John W. Davis. My firm has expended a substantial amount of time and effort in litigating this action and achieving substantial benefits

for the Class. The fee sought is reasonable and appropriate based on the risk of the litigation, its complexity, refusal of alternative employment opportunities with guaranteed payment, and the substantial benefit obtained for the Class. Specifically, my firm took on this representation with no guarantee of success and with no guarantee of recovery. I invested substantial resources (both in terms of attorney time and costs) in the prosecution of this case.

3. As of June 15, 2015, the Law Office of John W. Davis devoted 82.4 hours of professional services in this case. All such time is attributable to work I performed. In analyzing the proposed settlement, I reviewed numerous documents filed in this matter including, but not limited to, the notice of class action settlement, proposed settlement agreement, order preliminarily approving the settlement, briefs submitted in support of final approval and application for attorneys' fees and costs, declarations of counsel in support of final approval, affidavits of the settlement administrator in support of motion for final approval, and responses to objections. I provided the Court with substantial briefing concerning analysis of the fairness, adequacy and reasonableness of the proposed settlement (Dkt. 52, 60), including supplemental briefing in light of controlling authority published after the filing of plaintiff Ronald Lees's ("Plaintiff") motion for final approval. (Dkt. 55). I traveled from San Diego to St. Louis to present objections to the Court on April 9, 2015.

4. After the Rule 23 fairness hearing, I provided further briefing to the Court in response to the Court's concerns regarding the rejection rate of class member claims.[1] (Dkt. 69, 70). Additionally, I provided the Court with information concerning the cost of remedial claims

---

[1] See, e.g., Doc. 68, p. 11:11-12 ("It just seems it's extraordinary that that many people would commit fraud.")

review in response to the Court's inquiry."[2] (Dkt. 70, 70-3).

5. I also provided the Court with evidentiary objections concerning claims data provided by the settlement administrator. (Dkt. 73). These objections included opposition to filing claims data under seal (Dkt. 73 at 4), which ultimately compelled Plaintiff to properly file this data in the public record. *See Notice of Electronic Filing*, April 23, 2015, 9:21 AM CDT.

6. All work described above was performed on a contingent basis with no guarantee that I would ever receive compensation for my time and effort.

7. The objection filed on behalf of my client on December 23, 2014, and subsequent related legal work performed by my firm, aided the Court in analyzing the fairness, adequacy, and reasonableness of the proposed settlement, and the reasonableness of Plaintiff's attorneys' fee request. (Dkt. 68, p. 32:3-9). After considering Objector's arguments, the Court found, "The Court is inclined to agree that the $2,083,333.33 is high." (Dkt. 74 at 7). The Court proceeded to award $1,625,000.00 – resulting in an additional $458,333.33 for the Class.

8. As briefed in Objector's motion for attorneys' fees and service award filed concurrently herewith, Objector seeks an award in the range of $73,333.00 - $91,666.00 (16% - 20% of the additional funds available to the Class. Additionally, Objector seeks $1,543.59 in unreimbursed costs, and a service award in the amount of $1000.

9. As articulated in Objector's Opposition to Motion for Final Approval, in determining a reasonable fee award, this Court has discretion to use either the percentage of the fund method (as it did in awarding Plaintiff's attorneys 26% of the common fund), or the lodestar/multiplier method. (Dkt. 60 at 7). My firm's net lodestar as of June 15, 2015 at my regular hourly rate is $49,440.00. The hours expended, in addition to being reasonably necessary, reflect distinct work

---

[2] Doc. 68, p. 29:10-18 ("How expensive is it? How much time would it take?")

necessary for the effective prosecution of this case. I am not seeking compensation for work related to review of time entries, the drafting of the motion for attorneys' fees and this declaration, or other administrative work related to preparation of the underlying objection.

10. In addition to legal services rendered, as of June 15, 2015, the Law Office of John W. Davis had incurred $1,543.59 in unreimbursed costs and expenses.

11. My firm's contemporaneous records are maintained as part of my regular business practice and are reviewed daily for accuracy. Prior to preparation of this declaration I again reviewed my records for accuracy and compared the work performed with my file. The hours expended, in addition to being reasonably necessary, reflect work necessary for the effective litigation of this case.

12. I currently handle numerous complex business litigation matters and have substantive experience in class action litigation. I have been the principal attorney of the Law Office of John W. Davis since 2002. During that time, my firm has focused on civil litigation with a particular emphasis on complex commercial litigation including class actions, antitrust matters, and securities litigation. The firm also handles transactional matters concerning cross-border commerce. I have been licensed to practice law since 1998. During the four years preceding the founding of the Law Office of John W. Davis, I handled complex and multidistrict litigation in the San Francisco Bay Area - first as national coordinating counsel for mass tort litigation and large loss subrogation claims, on behalf of Fireman's Fund Insurance Company, and later as attorney for a prominent San Francisco firm handling commercial and residential building construction claims.

13. I have experience representing lead plaintiffs in nationwide class actions. Most recently, I served as class counsel in *Coleman v. Wireless Lifestyle, Inc.*, U.S.D.C. Western District of

Missouri, case no. 4:12-cv-00855-ODS (nationwide employment law class action) and *Ganezer v. Direct Buy, Inc.,* U.S.D.C. Northern District of Indiana, case no. 2:12-cv-00045 (nationwide consumer law class action).

14. I have committed the resources necessary to evaluate the claims of class members and proposed relief. I am familiar with the relevant facts and law applicable to the claims of class members.

15. The foregoing fees and expenses were incurred solely in connection with this case and are reflected on the books and records of my firm which are maintained in the ordinary course of business. These books and records are prepared from expense vouchers and check records and accurately reflect the expenses incurred in this case. My firm made its usual and customary charges for expenses it paid or incurred in this litigation and added no surcharge to any expense.

16. A true and correct copy of the Laffey Matrix detailing attorney billing rates is attached hereto as Exhibit A.

This declaration has been signed under penalty of perjury under the laws of the United States of America. It was executed on the 30th day of June, 2015 in the County of San Diego, California.

                                                  s/ John W. Davis
                                          John W. Davis (200113CA)
Law Office of John W. Davis
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170
john@johnwdavis.com

Counsel for Objector Glenn Kassiotis

# CERTIFICATE OF SERVICE

## CASE NO.: 4:13-cv-01411-SNLJ

I hereby certify that on June 30, 2015, I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record and unrepresented parties entitled to receive service.

Date: June 30, 2015

                                             s/ John W. Davis
                                             John W. Davis